NOT FOR PUBLICATION                              [Docket No. 1]

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

TERRANCE SCOTT,

              Petitioner,

     v.

MICHELLE R. RICCI, ADMINISTRATOR
OF NEW JERSEY STATE PRISON,

              Respondent.

Civil No. 07-2189 (RMB)

**OPINION**

APPEARANCES:

Michael Confusione, Esq.
Hegge & Confusione, LLC
Nine Tanner Street – West Entry
Haddonfield, NJ 08033
   Attorney for Petitioner

Joshua M. Ottenberg
Special Deputy Attorney General
Acting Camden County Prosecutor
   By: Roseann A. Finn
      Special Deputy Attorney General
      Acting Assistant Prosecutor
Camden County Prosecutor's Office
25 North Fifth Street
Camden, NJ 08102
Attorney for Respondent

**BUMB**, United States District Judge:

## I. INTRODUCTION

Terrance Scott filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction in the Superior Court of New Jersey, Law Division, Camden County. For the reasons expressed below, this Court will dismiss the Petition as untimely and deny a certificate of appealability.

## II. BACKGROUND

Petitioner challenges a judgment of conviction entered in the Superior Court of New Jersey, Law Division, Camden County, on December 1, 1989, after a jury found him guilty of robbery in violation of N.J. Stat. Ann. § 2C:15-1; murder in violation of N.J. Stat. Ann § 2C:11-3(a); aggravated assault in violation of N.J. Stat. Ann § 2C:12-1(b)(1); conspiracy to commit criminal mischief in violation of N.J. Stat. Ann § 2C:17-3(a)(1); and hindering apprehension in violation of N.J. Stat. Ann § 2C:29(3)(b)(1).  (Respt's App. 3).  On December 1, 1989, the Law Division sentenced Petitioner to life plus ten years in prison, with a thirty-five year period of parole ineligibility.  (Respt's App. 3).

Petitioner appealed on January 11, 1990.  (Respt's App. 4). In an opinion filed December 21, 1992, the Superior Court of New Jersey, Appellate Division, affirmed Petitioner's convictions and

remanded the matter for re-sentencing on the murder count.  <u>State</u>
<u>v. Scott</u>, No. 2396-89T4, slip op. (N.J. Super. Ct. App. Div. Dec.
21, 1992); (Respt's App. 7).  On May 27, 1993, the Supreme Court
of New Jersey denied Petitioner's petition for certification.
<u>State v. Scott</u>, 627 A.2d 1149 (N.J. 1993); (Respt's App. 10).  On
July 2, 1993, pursuant to the Appellate Division's order to
remand, the Law Division imposed a term of life imprisonment,
with a thirty-year period of parole ineligibility on Petitioner's
murder conviction.  (Respt's App. 11).

On April 7, 1994, the Superior Court of New Jersey,
Appellate Division, granted Petitioner's motion to file an appeal
<u>nunc pro tunc</u> regarding the sentence imposed by the Law Division
at the July 2, 1993 re-sentencing.  (Respt's App. 12).

Petitioner filed a <u>pro se</u> petition for post-conviction
relief with the Law Division on or about July 17, 1994.  (Respt's
App. 13).  By letter dated September 1, 1994, Petitioner withdrew
his first petition for post-conviction relief.[1]  (Respt's App.

---

[1] Petitioner claims that he withdrew his first <u>pro se</u> petition
for post conviction relief because the Superior Court of New
Jersey, Law Division, Camden County, assigned counsel to
represent Petitioner, and Petitioner believed that "his
assigned counsel would file a more suitable petition on [his]
behalf." (Petr's Mem. 2).  Petitioner contends, however, that
his assigned counsel failed to file a petition for post
conviction relief during the following two years.  (Petr's
Mem. 2).  The State alleges that Petitioner had to withdraw
his first <u>pro se</u> petition for post conviction relief because,
pursuant to N.J. Ct. R. 2:9-1(a), "jurisdiction was still in
the Appellate Division as result of the Petitioner's pending

14).  By letter dated September 23, 1994, Judge E. Stevenson
Fluharty informed Petitioner of the consequences of filing an
untimely or not properly filed petition in the future.  (Respt's
App. 15).

    On November 17, 1994, the Appellate Division affirmed the
sentence imposed by the Law Division on July 2, 1993.  (Respt's
App. 16).  On March 26, 1996, Petitioner filed a second petition
for post-conviction relief in the Superior Court of New Jersey,
Law Division, Camden County.  (Respt's App. 17).  By letter dated
March 28 1996, the Law Division dismissed the petition as
untimely pursuant to N.J. Ct. R. 3:22-12, (Respt's App. 18), and,
on June 3, 1996, the Law Division issued an order dismissing the
petition for post-conviction relief (Respt's App. 19).  On
October 31, 1996, the New Jersey Superior Court, Appellate
Division, filed an order grating Petitioner's motion to file an
appeal nun pro tunc from the Law Division's denial of post-
conviction relief.  (Respt's App. 20).  Considering the petition
on its merits, on November 22, 1999, the Appellate Division
rejected Petitioner's argument and found that because the
evidence was "clearly insufficient to warrant consideration of
intoxication as a defense," the Petitioner had failed to
establish a prima facie case for ineffective assistance of

_____

appeal from the trial court's re-sentencing order of July 2,
1993."  (Respt's Answer 36).

counsel.  State v. Scott, No. A-0498-96T, slip op. at 4-5 (N.J. Super. Ct. App. Div. Nov. 22, 1999); (Respt's App. 23).  The Supreme Court of New Jersey denied Petitioner's petition for certification on June 28, 2000.  State v. Scott, 754 A.2d 1214 (N.J. 2000); (Respt's App. 29).

On or about January 25, 2001, Petitioner filed a third pro se petition for post-conviction relief, (Respt's App. 30), which the New Jersey Superior Court, Law Division dismissed as untimely pursuant to N.J. Ct. R. 3:22-12 on April 9, 2001 (Respt's App. 31).  On May 14, 2001, the Law Division denied Petitioner's motion for reconsideration of its dismissal of his third petition for post-conviction relief.  (Respt's App. 32).  Petitioner filed a pro se notice of appeal of the Law Division's order denying relief, (Respt's App. 33), and on November 18, 2002, the Appellate Division, affirmed the Law Division's dismissal of Petitioner's third petition for post-conviction relief.  State v. Scott, A-5371-00T2, slip op. (N.J. Super. Ct. App. Div. Nov. 18, 2002); (Respt's App.37).  In its opinion, the Appellate Division held that Petitioner's claims were time-barred pursuant to N.J. Ct. R. 3:22-12 and procedurally barred by N.J. Ct. R. 3:22-5 and N.J. Ct. R. 3:22-4 because the issues had been previously adjudicated or could have been raised previously.  Petitioner filed a pro se petition for certification to the Supreme Court of

5

New Jersey of the Appellate Division's decision affirming the Law Division's denial of post-conviction relief.  (Respt's App. 38). On March 18, 2003, the Supreme Court of New Jersey denied certification.  (Respt's App. 42).

By letter dated May 30, 2003, Petitioner filed his fourth pro se petition for post-conviction relief in the New Jersey Superior Court. (Respt's App. 43).  On October 18, 2005, the Law Division denied Petitioner's fourth petition for post-conviction relief.  (Respt's App. 45).  The Appellate Division, affirmed the Law Division's denial of Petitioner's fourth post-conviction relief motion as time-barred and procedurally barred on February 2, 2007.  State v. Scott, A-1656-05T5, slip op. (N.J. Super. Ct. App. Div. Feb. 2, 2007); (Respt's App. 52).  On April 30, 2007, the Supreme Court of New Jersey denied certification.  State v. Scott, 921 A.2d 449 (N.J. 2007); (Respt's App. 55).

Petitioner filed the § 2254 Petition, which is now before this Court, on May 9, 2007.  The Petition raises two grounds:

> Ground One:  The trial court violated petitioner's right to due process under the United States Constitution by failing to charge the jury on the lesser-included offense of passion/provocation manslaughter.
>
> Ground Two:  The trial court violated petitioner's right to due process under the United States Constitution by failing to instruct the jury on voluntary intoxication, which could have negated the specific intent required for the first-degree murder charge.

(Petition 6).

## III. DISCUSSION

### A. Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (hereinafter "AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions:  statutory tolling and equitable tolling.

7

See <u>Merritt v. Blaine</u>, 326 F.3d 157, 161 (3d Cir. 2003); <u>Miller
v. N.J. State Dep't of Corr.</u>, 145 F.3d 616, 617-18 (3d Cir.
1998).  Section 2244(d)(2) requires statutory tolling under the
following circumstances:  "The time during which a <u>properly filed</u>
application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall
not be counted toward any period of limitation under this
subsection."  28 U.S.C. § 2244(d)(2) (emphasis added).  An
application is "filed" when "it is delivered to, and accepted by,
the appropriate court officer for placement into the official
record."  <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (citations
omitted).  Furthermore,

> an application is "properly filed" when its delivery
> and acceptance are in compliance with the applicable
> laws and rules governing filings.  These usually
> prescribe, for example, the form of the document, the
> time limits upon its delivery, the court and office in
> which it must be lodged, and the requisite filing fee .
> . . . In some jurisdictions the filing requirements
> also include, for example, preconditions imposed on
> particular abusive filers, or on all filers generally .
> . . . But in common usage, the question whether an
> application has been "properly filed" is quite separate
> from the question whether the claims <u>contained in the</u>
> <u>application</u> are meritorious and free of procedural bar.

<u>Artuz</u>, 531 U.S. at 8-9 (citations omitted) (emphasis in
original).  A post-conviction relief application remains pending
in state court until "the state courts have finally resolved an
application for state post [-] conviction relief [but] §

2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari."  Lawrence v. Florida, 127 S. Ct. 1079, 1083 (2007).

The AEDPA statute of limitations is also subject to equitable tolling.  See Miller, 145 F.3d at 618.  "To be entitled to equitable tolling, [a petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Lawrence, 127 S. Ct. at 1085 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  The Third Circuit instructs:

> Equitable tolling is appropriate when 'the principles
> of equity would make the rigid application of a
> limitation period unfair,' such as when a state
> prisoner faces extraordinary circumstances that prevent
> him from filing a timely habeas petition and the
> prisoner has exercised reasonable diligence in
> attempting to investigate and bring his claims.

LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005) (quoting Miller, 145 F.3d at 618).  Mere excusable neglect is not sufficient.  See LaCava, 398 F.3d at 276; Miller, 145 F.3d at 619; Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).  Attorney error is also insufficient.  See Lawrence, 127 S. Ct. at 1085 ("Attorney miscalculation is simply not sufficient to warrant

equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.").[2]

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).

"Petitioner acknowledges that the one-year time limit appears to have expired on his habeas claim . . . ." (Petr's Mem. 11). Petitioner's direct appeal became final prior to April 24, 1996, the effective date of ADEPA. The Third Circuit has held that where a state prisoner's conviction became final prior to April 24, 1996, the effective date of § 2244(d), the prisoner has

---

[2] See also Johnson v. United States, 544 U.S. 295, 311 (2005) ("But we have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."); Johnson v. Hendricks, 314 F.3d 159, 162-63 (3d Cir. 2002) (holding that equitable tolling is not permitted even where the petitioner relied on erroneous advice from his state public defender that he had one year from the state's denial of post-conviction relief to file his federal habeas petition); Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) ("In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling.").

one year after that effective date to file a federal habeas
petition under § 2254.  See Burns v. Morton, 134 F.3d 109, 111
(3d Cir. 1998).  In this case, Petitioner's second petition for
post-conviction relief statutorily tolled the AEDPA's statute of
limitations because the Appellate Division reviewed Petitioner's
second petition for post-conviction relief, which he had filed on
March 26, 1996, on the merits before ultimately rejecting it on
November 22, 1999.  State v. Scott, No. A-0498-96T4 (N.J. Super.
Ct. App. Div. Nov. 22, 1999).  The Supreme Court of New Jersey
denied Petitioner's petition for certification on June 28, 2000.
State v. Scott, 754 A.2d 1214 (N.J. 2000).  Petitioner's third
and fourth petitions for post-conviction relief, however, did not
statutorily toll the limitations period because the Appellate
Division ruled that the petitions were procedurally barred as
untimely.  Because these petitions were untimely, they were not
properly filed.  See Satterfield v. Johnson, 434 F.3d 185, 196
(3d Cir. 2006) ("Carey [v. Saffold, 536 U.S. 214 (2002)]
overruled Nara [v. Frank, 264 F.3d 310 (3d Cir. 2001)] to the
extent Nara implied that an untimely petition for state
collateral relief may be deemed 'properly filed' under AEDPA.");
Merritt, 326 F.3d at 166 ("This means that decisions such as Nara
v. Frank . . . to the extent they hold that petitions untimely
under state rules nonetheless may be deemed properly filed, were
wrongly decided.") (citation and internal quotations omitted).

11

Therefore, construing Petitioner's statute of limitations liberally and absent equitable tolling, the limitations period ran from June 28, 2000, for 365 days until it expired on June 28, 2001.

This Court reads Petitioner's Declaration, together with his Memorandum of Law, as raising three potential grounds for equitable tolling: (1) since his final conviction, Petitioner "mistakenly asserted his rights in the wrong forum by continuing to pursue collateral relief in the state courts rather than filing a federal habeas petition sooner;" (2) Petitioner was unaware of a statute of limitations for filing a federal habeas petition because at the time that Petitioner's conviction became final, the one-year limitation period imposed by the AEDPA was not in place, and Petitioner was actively mislead by his assigned counsel during various stages of his case, who never informed Petitioner about the filing time limit; and (3) Petitioner was unable to file a federal habeas petition before the statute of limitations expired because Petitioner suffered from bouts of depression and was placed in solitary confinement and prison-wide lockdown for several periods of time, which impeded his ability to prepare and file the petition.  (Petr's Mem. 12-13).

First, Petitioner argues that he is entitled to equitable tolling because he mistakenly, yet diligently, pursued his rights

12

in the wrong forum by filing petitions for post-conviction relief and related appeals in state court rather than federal court. (Petr's Mem. 12).  While a petitioner may be entitled to equitable tolling where he has timely asserted his rights mistakenly in the wrong forum, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (3d Cir. 2000)).  Generally, "cases interpreting the 'wrong forum' element of Jones v. Morton usually refer to a peremptory filing in federal court prior to exhaustion of state-law claims." Satterfield, 434 F.3d at 196.  Here, instead of filing a habeas petition in federal court after the Supreme Court of New Jersey denied certification on June 28, 2000, Petitioner filed two more petitions for post-conviction relief and related appeals in the New Jersey state courts.  Petitioner has presented no evidence that he mistakenly filed petitions for post-conviction relief in state court believing he was pursuing a federal habeas claim.  In fact, Petitioner's attempt to have a private law firm file a federal habeas petition on his behalf in 2003, (Petr's Mem. 13), demonstrates that Petitioner knew he had to file a habeas

13

petition in federal court and that his petitions for post-conviction relief filed in state court were intentional and not "mistaken" filings.

Even if the private law firm's refusal to file the federal habeas petition on his behalf after the lead attorney died could be considered an extraordinary circumstance on its own, Petitioner did not hire the firm until two years after the AEDPA's statute of limitations expired. Moreover, Petitioner has not acted with reasonable diligence because he did not file the instant Petition until four years after the incident with the law firm. Thus, Petitioner has failed to establish a causal link between the incident with the private law firm and his untimely filing of his federal habeas petition. Brown, 322 F.3d at 773. Neither Petitioner's alleged "mistaken" filings in the "wrong forum" nor the fact that the private law firm did not file a habeas petition on his behalf are extraordinary circumstances warranting equitable tolling.

In addition, Petitioner argues that he was not aware of a time limit for filing a habeas petition in federal court because the AEDPA's one-year statute of limitations was not in place at the time of his final conviction and none of the attorneys who represented Petitioner during two stages of his post-conviction relief ever advised him of the habeas petition time limit.

14

(Petr's Mem. 13).  For the reasons set forth above, this Court agrees that Petitioner's statute of limitations for filing his federal habeas petition did not begin to run until April 24, 1996, the effective date of the AEDPA.  However, Petitioner's argument that he is entitled to equitable tolling because he was unaware of the one-year filing limit after the effective date of the AEDPA is without merit because ignorance of the AEDPA's statute of limitations does not excuse an untimely filing.  See Jones, 195 F.3d at 160 (misunderstanding of the law is an insufficient excuse for failing to comply with the AEDPA statute of limitations); Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); School Dist. of Allentown v. Marshall, 657 F.2d 16, 21 (3d Cir. 1981) ("Ignorance of the law is not enough to invoke equitable tolling."); Fadayiro v. United States, 30 F. Supp. 2d 772, 781 (D.N.J. 1998) ("Ignorance of the law does not justify equitable tolling of a statute of limitations.").

Petitioner relies on Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003), and Nara to suggest that attorney misconduct, such as "actively misleading" Petitioner by not informing him of the AEDPA's statute of limitations, warrants equitable tolling. (Petr's Mem. 16-18).  However, the Third Circuit has held that

15

<u>Spitsyn</u>, together with <u>Baldayaque v. United States</u>, 338 F.3d 145 (2d Cir. 2003), stand for the proposition that while egregious attorney misconduct may constitute an extraordinary circumstance invoking equitable tolling, a petitioner must demonstrate that he or she has acted with reasonable diligence and that the extraordinary circumstance prevented the filing of a timely habeas petition.  <u>See</u> <u>Schluter v. Varner</u>, 384 F.3d 69, 77 (3d Cir. 2004).  The attorney neglect that Petitioner alleges does not rise to the level of attorney misconduct warranting equitable tolling or an evidentiary hearing.  <u>Nara</u>, 264 F.3d at 320. Petitioner has presented no evidence that assigned counsel actively misled him by not informing him of the AEDPA's statute of limitations.  Even assuming that the assigned counsel in 1994 failed to file a timely petition for post-conviction relief on his behalf, the Appellate Division substantively reviewed Petitioner's claims in his second petition for post-conviction relief on November 22, 1999, before the AEDPA statute of limitations expired.  Petitioner has not established that attorney neglect or misrepresentation prevented him from filing a timely habeas petition, and thus, equitable tolling is not warranted.

Petitioner alleges that he was unable to pursue federal habeas relief because he suffered from bouts of depression.

(Petr's Mem. 13).  The Third Circuit has observed that "mental
incompetence is not a *per se* reason to toll a statute of
limitations," however, mental incompetence may justify equitable
tolling where "the alleged mental incompetence [has] somehow . .
. affected the petitioner's ability to file a timely habeas
petition."  Nara, 264 F.3d at 320.  Courts in this circuit have
held that depression is a normal part of prison life, and
therefore, is not an extraordinary circumstance warranting
equitable tolling.  See United States v. Harris, 268 F. Supp. 2d
500, 506 (E.D. Pa. 2003) ("[A] mental condition that burdens but
does not prevent a prisoner from filing a timely petition does
not constitute 'extraordinary circumstances' justifying equitable
tolling."); Wilson v. Stickman, Nos. 03-699, 03-953, 2005 U.S.
Dist. LEXIS 14692, 2005 WL 1712385, at *2 (E.D. Pa. July 21,
2005) (holding that depression is not a sufficient basis for
equitable tolling); Boyd v. Gillis, No. 02-8034, 2004 U.S. Dist.
LEXIS 21501, 2004 WL 2397296, at *3 (E.D. Pa. Oct. 25, 2004*)*
("Depression has been found to be a common fact of prison life
and is, without more, insufficient to justify equitable
tolling."); Graham v. Kyler, No. 01-1997, 2002 U.S. Dist. LEXIS
26639, 2002 WL 32149019, at *3 (E.D. Pa. Oct. 31, 1999)
("[D]epression, a serious mental illness, has been held to be a
common fact of prison life and therefore not, without more, a
sufficient basis for tolling.").

Petitioner's generalized assertion that he suffered from two to three years of depression between 1996 and 2007 does not establish the extraordinary circumstances necessary to invoke equitable tolling because Petitioner failed to explain how his depression prevented him from filing his petition within the allotted time.  Moreover, it is evident that between 1996 and 2007 Petitioner was actively pursuing his rights in state court despite his depressive episodes.  During this period, Petitioner was able to file four petitions for post-conviction relief and related appeals in New Jersey state court.  Petitioner's alleged depression is not an extraordinary circumstance that supports equitable tolling, and he has failed to establish how his depression prevented him from asserting his rights in federal court.  Nara, 264 F.3d at 320.

Petitioner claims that he is entitled to equitable tolling because he was unable to pursue his federal habeas petition due to being in solitary confinement for approximately two total years and was subject to prison-wide lockdown for approximately one total year.  (Petr's Mem. 13).  "However, without providing a good ground for viewing these conditions as an extraordinary circumstance impeding [Petitioner] from filing a timely § 2254 Petition, such conditions of confinement do not evidence the rare and extraordinary circumstances that justify equitable tolling."

Douglas v. Beard, No. 00-4935, 2002 U.S. Dist. LEXIS 6406, 2002 WL 550474, at *5 (E.D. Pa. Apr. 12, 2002); see also Garrick v. Vaughn, No. 00-4845, 2003 U.S. Dist. LEXIS 26203, 2003 WL 22331774, at *4 (E.D. Pa. Sept. 5, 2003) ("Routine aspects of prison life such as lockdowns . . . do not constitute extraordinary circumstances sufficient to equitably toll the statute of limitations.") (citation and internal quotations omitted); Washington v. Byrd, No. 00-6389, 2002 U.S. Dist. LEXIS 5010, 2002 WL 461729, at *7 (E.D. Pa. Mar. 22, 2002) (holding that lockdown and limited library access do not justify equitable tolling). Furthermore, "the petitioner [must] demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." Brown, 322 F.3d at 773 (quoting Valverde v. Stinson, 224 F.3d at 134). Petitioner does not explain when these periods of solitary confinement and prison lockdown occurred or how these circumstances affected his ability to file his federal habeas petition because, as previously mentioned, he was diligently pursuing his rights in state court between 1996 and 2007. Moreover, despite these periods of solitary confinement and prison lockdown, Petitioner was able to retain a private law firm in 2003 to file a federal habeas petition on his behalf. Solitary confinement and lockdown, which are routine aspects of prison life, do not create extraordinary circumstances

that warrant equitable tolling, and Petitioner has not demonstrated that these circumstances prevented him from pursuing his federal habeas claim.

In the absence of equitable tolling, the limitations period expired, at the latest, on June 28, 2001.  As Petitioner has not shown that he is entitled to equitable tolling, this Court will dismiss the Petition with prejudice as untimely.


B. Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held:  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

Because Petitioner has failed to set forth any evidence that would lead jurists of reason to find whether the procedural bar is debatable, this Court will deny a certification of appealability.


**IV. CONCLUSION**

This Court dismisses the Petition with prejudice as untimely and denies a certificate of appealability.


Dated: <u>June 30, 2008</u>          <u>s/Renée Marie Bumb          </u>
                                      RENÉE MARIE BUMB
                                      UNITED STATES DISTRICT JUDGE